IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MAYOR AND CITY COUNCIL OF BALTIMORE,<br><br>*Plaintiff,*<br><br>v.<br><br>AECOM TECHNICAL SERVICES, INC., in its Own Capacity and as Successor-in-Interest to and/or Assignee of URS Corporation, Inc.,<br><br>*Defendant.* | Case No. _____ |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant AECOM Technical Services, Inc. ("Defendant" or "AECOM"), through its undersigned counsel, hereby gives notice that it has removed from the Circuit Court for Baltimore City to the United States District Court for the District of Maryland, the Civil Action titled *Mayor and City Council of Baltimore v. AECOM Technical Services, Inc.*, Case No. C-24-CV-24-003665 (the "State Court Action"), stating as follows:

### Statement of Grounds for Removal

1. On October 30, 2024, the Plaintiff, the Mayor and City Council of Baltimore ("Plaintiff" or the "City") filed a Complaint against AECOM in the Circuit Court for Baltimore City, Maryland, Case No. C-24-CV-24-003665. *See* a copy of the Complaint, summons, and exhibits served upon AECOM attached hereto as **Exhibit A**.

2. The Complaint asserts nine (9) causes of action against AECOM for alleged breaches of contract, professional negligence, and contractual indemnity under three (3) agreements relating to the construction of the sanitary sewer systems in the Herring Run

Sewershed and the repair of the Chinquapin Run Streamway. *Id*. Plaintiff seeks damages in excess of $75,000. *Id.*

3. Based upon the information known to date, Plaintiff's Complaint is removable based on diversity of citizenship of the parties because the amount in controversy is in excess of $75,000.00, exclusive of interest, attorney's fees, and costs.

4. Under 28 U.S.C. § 1332(a)(1), "[t]he district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between – citizens of different States." This action satisfies the complete diversity of citizenship requirement of U.S.C. § 1332(a)(1).

5. For purposes of determining the citizenship of a corporation, 28 U.S.C. § 1332(c)(1) provides that: "[A] corporation [is] deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business . . . ." A corporation is, therefore, a citizen of both its state of incorporation and the state where it maintains its principal place of business.

6. Plaintiff has admitted and pled that it is a municipal corporation organized under the Maryland Constitution and the Charter of Baltimore City. *See* **Exh. A**, ¶ 1. As such, Plaintiff is a citizen of Maryland for the purpose of diversity jurisdiction.

7. Defendant AECOM was and is, at the time of the filing of suit and this Notice of Removal, a citizen of California, having been incorporated in California, with its principal office at 300 South Grand Avenue, 9th Floor, Los Angeles, California 90071.[1] As such, for the purposes of diversity jurisdiction, AECOM is a citizen of California.

---

[1] Plaintiff has admitted and pled that AECOM is a California corporation. *See* **Exh. A**, ¶ 2. Plaintiff has erroneously, however, asserted that Plaintiff's principal office is located in Long Beach, California. *Id.*

8. Additionally, the amount of controversy exceeds $75,000. As set forth in the Complaint, Plaintiff seeks $13,862,529.06 under Counts I through VI and $2,495,250.00 under Counts VII through IX. *See* **Exh. A**, ¶¶ 174-212.

## Statement of Jurisdiction - Diversity

9. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332, because Plaintiff is a resident of the State of Maryland, AECOM is a California corporation with a principal place of business in California, and Plaintiff has alleged damages in excess of $75,000.

10. Pursuant to 28 U.S.C. § 1441(a), any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant to the district court of the United States for the district and division embracing the place where such action is pending.

11. As this action is currently pending in the Circuit Court for Baltimore City, Maryland, removal to the United States District Court for the District of Maryland is proper under 28 U.S.C. § 1441(a).

## Statement of Compliance with 28 U.S.C. § 1446

12. AECOM's resident agent was served with the Complaint on December 30, 2024. AECOM is filing this Notice of Removal in compliance with the requirements of 28 U.S.C. § 1446(b), which generally provides that "removal of a civil action or proceeding shall be filed within 30 days after receipt by [AECOM], through service or otherwise, a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based …"

13. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served on AECOM in connection with this action are attached hereto collectively as **Exhibit A**.

14. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on Plaintiff.  A true and correct copy of the Notice of Filing of Notice of Removal filed in the Circuit Court for Baltimore City, Maryland is attached hereto as **Exhibit B**.

### Statement of Compliance with Local Rule 103.5

15. In accordance with Local Rule 103.5(a), within thirty days after the filing of this Notice of Removal, AECOM will file true and legible copies of all other papers, if any, then on file in the State Court, together with a certification from counsel that all filings in the State Court Action have been filed in the United States District Court for the District of Maryland.

16. In accordance with Local Rule 103.5(c), within seven days after filing this Notice of Removal, AECOM will file the Disclosure of Affiliations and Financial Interest required by Local Rule 103.3.

### Reservation of Rights

17. AECOM specifically reserves the right to amend or supplement this Notice of Removal.  AECOM also reserves all defenses that it may assert against Plaintiff's claims.

WHEREFORE, because this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and removal is appropriate pursuant to 28 U.S.C. §§ 1441 and 1446, notice is hereby given that this action, now pending in the Circuit Court for Baltimore City as Case No. C-24-CV-24-003665, is removed in its entirety to this Court.

Respectfully submitted,

*/s/ Michael A. Schollaert*

Michael A. Schollaert (Bar No. 27723)
Zachary S. Gilreath (Bar No. 21824)
BAKER, DONELSON, BEARMAN, CALDWELL
& BERKOWITZ, PC
100 Light Street, 19th Floor
Baltimore, Maryland 21202
Phone: (410) 862-1135
mschollaert@bakerdonelson.com
zgilreath@bakerdonelson.com

*Counsel for AECOM Technical Services, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 29th day of January, 2025, a copy of foregoing Notice of Removal was served on all counsel of record via this Court's CM/ECF system.

*/s/ Zachary S. Gilreath*
Zachary S. Gilreath (Bar No. 21824)

5